**In the Matter of Robert J. MAHONEY.**

**No. 280S35.**

Supreme Court of Indiana.

July 16, 1982.

Robert J. Mahoney, South Bend, pro se.

David B. Hughes, Trial Counsel, Indianapolis, for Ind. Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Indiana Supreme Court and Robert S. Mahoney, Respondent herein, have submitted for this Court's approval a statement of Circumstances and Conditional Agreement for Discipline pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has submitted the requisite affidavit pursuant to Admission and Discipline Rule 23, Section 17(a). This Court has examined all matters which have been submitted before us. This Court finds that the agreement of the parties should be accepted and approved.

Accordingly, this Court finds that the Respondent was admitted to the Bar of this State on September 27, 1949, and presently maintains an office for the practice of law in South Bend, Indiana. The Respondent was retained by Larry Campbell to represent him in a robbery charge. The alleged co-perpetrator, Alvin Leroy Winston, had, prior to obtaining counsel, given a written statement to a police detective which incriminated him and Larry Campbell. The two defendants were being tried in separate trials, and Leroy Winston was being represented by J. Davis Keckley.

On or about February 7, 1979, the Respondent requested permission from J. David Keckley to speak with Winston to discuss the facts and circumstances surrounding the written statement given by Winston to the police.

J. David Keckley refused to give the Respondent such permission until Keckley decided whether or not to approve such conversation.

Nonetheless, the Respondent interviewed Winston in jail on February 13, 1979, without the consent or knowledge of Winston's attorney, Keckley. During this conversation, the Respondent obtained a statement from Winston which repudiated the earlier statement made to the police. On February 16, 1979, the Respondent returned to the jail with his secretary and had Winston sign in front of a notary a transcript of his statement. This was also done without the consent or knowledge of Winston's attorney. The Respondent used the foregoing statement in impeaching Winston's damaging testimony during the prosecution of his client, Campbell.

By the foregoing conduct the Respondent communicated on the subject of the representation with a person he knew to be represented by an attorney, in violation of Disciplinary Rule 7–104(A)(1). Furthermore, such conduct is prejudicial to the administration of justice and in violation of Disciplinary Rule 1–102(A)(5).

Ethical Consideration 7–18 under Canon 7 of the *Code of Professional Responsibility* explains the foregoing rule even further:

The legal system in its broadest sense functions best when persons in need of legal advice or assistance are represented by their own counsel. For this reason a lawyer should not communicate on the subject matter of the representation of his client with a person he knows to be represented in the matter by a lawyer, unless pursuant to law or rule of court or unless he has the consent of the lawyer for that purpose.

The facts herein establish that, in his zeal to represent his client, the Respondent overstepped the bounds established by law. He intentionally and knowingly disregarded the expressed wishes of Winston's lawyer and conversed with Winston on a subject matter which may have affected Winston's vital interests.

In light of the foregoing considerations, we find that the agreed discipline, a public reprimand is approved. Therefore, it is hereby ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.