**In the Matter of Robert M. BAKER, III.**

**No. 49S00–0008–DI–459.**

Supreme Court of Indiana.

Nov. 26, 2001.

Ronald E. Elberger, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indiana Supreme Court Disciplinary Commission, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

### DISCIPLINARY ACTION.

Lawyer Robert M. Baker, III, violated the *Rules of Professional Conduct* by sending to an opposing party a letter concerning matters related to the respondent's representation of a client, where the respondent knew the opposing party was represented by counsel and where the opposing party's counsel did not consent to the contact.

This matter comes before us upon the respondent and the Disciplinary Commission's *Statement of Circumstances and Conditional Agreement for Discipline,* wherein they agree that the respondent engaged in misconduct and that a public reprimand is an appropriate discipline. That agreement is now before us for final approval. The respondent was admitted to practice in this state in 1976.

The parties agree that beginning about December 13, 1991, the respondent was hired to represent the interests of a principal (hereinafter the "client") in a pool construction and supply business that was contemplating reorganization. The reorganization of that business culminated on March 11, 1992, when its construction aspect was split from the pool supply business, whose principal was the client's former partner. The former partner was represented by attorney Deckard, who also represented the client in certain personal matters until April 10, 1992. During the period of the reorganization, the client believed that Deckard represented the client's interests with regard to indemnities and guaranties in general and liabilities to the principals under bonding arrangements.

At the time of the split, the pool business was in the midst of two pool construction projects, one for a school corporation and another for a city. The parties agreed that the client's pool construction business would complete the jobs as subcontractor for the pool supply business. A dispute arose regarding payments for the projects to the construction business. On August 3, 1993, the construction business filed suit

against the school corporation and the company that provided construction bonds for the project. Deckard entered his appearance for the bonding company.

The respondent reasonably believed that Deckard had a conflict of interest in representing the bonding company in the matter due to his former representation of the respondent's client and the client's interests relative to the pool construction business. On September 2, 1993, the pool construction business filed suit against the city and the bonding company.

On September 23, 1993, the respondent wrote to Deckard asserting that Deckard should be disqualified from serving as counsel in the school corporation and city suits due to a conflict of interest. Without the consent of Deckard, the respondent forwarded the letter to Deckard's client, the bonding company. He also sent another letter directly to the bonding company, in which the respondent set out his client's legal position on indemnification agreements, discussed the apparent conflict of interest, and demanded that the company terminate Deckard as its attorney. The respondent did not advise Deckard of the letter and he did not provide him with a copy.

██ In recognition of the need to prevent lawyers from taking advantage of laypersons and to preserve the integrity of the lawyer-client relationship, Ind. Professional Conduct Rule 4.2 provides that a lawyer, in representing a client, shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. By communicating with the bonding company about the pending litigation without Deckard's consent, the respondent violated the rule.

██ The respondent and Commission ask us to administer a public admonishment for the respondent's misconduct. In this regard, they note several mitigating factors, including the fact that no harm resulted from the respondent's communication and the respondent's remorse for his acts. We note also that the parties agree as an aggravating circumstance that the respondent sought to gain an unfair advantage in the litigation through his letter to the opposing party. Past violations of Prof.Cond.R. 4.2 or its predecessor have resulted in public admonishment. *See, e.g., Matter of Syfert,* 550 N.E.2d 1306 (Ind.1990) (communicating with represented opposing party in legal dispute without other lawyer's knowledge and consent, and circumventing negotiations with opposing lawyer in order to pressure opposing party to settle on terms less favorable than those previously negotiated by party's lawyer); *Matter of Mahoney,* 437 N.E.2d 49 (Ind. 1982) (intentionally and knowingly disregarding expressed wishes of another attorney in conversing with that attorney's client on subject matter which affecting other attorney's client's vital interests violated DR 1–102(A)(5), DR 7–104(A)(1)). In light of precedent and the parties' present agreement, we find that a public reprimand is appropriate in this case.

It is, therefore, ordered, that the respondent, Robert M. Baker, III, is hereby reprimanded and admonished for this misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, the clerk of the United States Bankruptcy Court in this state, and the hearing officer appointed to hear this matter with the last known address of respon-

dent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.