**In the Matter of Lucille UTTERMOHLEN.**

**No. 91S00–0110–DI–444.**

Supreme Court of Indiana.

May 28, 2002.

Lucille Uttermohlen, pro se, for the Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, Indiana, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Lucille Uttermohlen mailed a letter directly to an adverse party who she knew was represented by counsel in the legal matter, stating that opposing counsel's request for a change of venue was wasteful. Today we accept Respondent Uttermohlen's and the Disciplinary Commission's agreed resolution of disciplinary charges based on that contact.

The parties tendered their *Statement of Circumstances and Conditional Agreement for Discipline* pursuant to Ind.Admission and Discipline Rule 23(11)(c). The respondent was admitted to the bar of this state in 1982 and practices law in White County, Indiana.

The parties agree that the respondent represented a client in a Chapter 7 bankruptcy, which she filed in the U.S. Bankruptcy Court for the Northern District of Indiana. Her client resided in the Southern District of Indiana. One of the client's creditors was a finance company. The client owed the finance company $250. The finance company's counsel filed a motion for change of venue in the Northern District court. The court granted the motion, transferring the case to the Southern District court. Following the change of venue, the respondent sent a letter to two executives of the finance company, in which she asserted that the finance company's counsel was acting in a wasteful manner by seeking transfer of the case from the Northern District to the Southern District because such change of venue would not benefit the finance company. She copied the letter to the finance company's counsel. In the letter, she also recited certain facts of the case and stated that

both sides would incur extra time and expense to change the venue.

Indiana Professional Conduct Rule 4.2 provides that, while representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter absent the consent of that party's lawyer or unless the lawyer is authorized by law to do so. The respondent communicated directly with the client, even though she knew at the time that the client was represented by counsel, as evidenced by the fact that she copied counsel with the letter. We assume her motive for the communication was to advise the finance company of what she perceived as purely dilatory or burdensome action by opposing counsel.

One of the purposes of Prof. Cond.R. 4.2 is to prevent lawyers from taking advantage of uncounselled laypersons. *See, e.g., Matter of Baker*, 758 N.E.2d 56, 58 (Ind.2001) ("recognition of the need to prevent lawyers from taking advantage of laypersons and to preserve the integrity of the lawyer-client relationship"); *Matter of Syfert*, 550 N.E.2d 1306, 1307 (Ind.1990) (lawyer taking unfair advantage of adverse party). In the case before us today, the respondent violated the letter of Prof.Cond.R. 4.2, even though the risk that the communication would unfairly manipulate the adverse party was not great given that the letter was copied to opposing counsel and because it merely referred to an event in the case that had already taken place. It is, however, easy to imagine other contexts where the need for Prof.Cond.R. 4.2's protections would be crucial; for example, where a lawyer seeks to undermine an adverse party's confidence in the party's own lawyer, where a lawyer tries to by-pass opposing counsel and negotiate a settlement directly with the adverse party, or where a lawyer attempts to persuade the adverse party to disclose privileged information. But because the respondent apparently was not trying to gain an unfair advantage when she contacted the finance company directly or otherwise wrongfully manipulate the finance company to her or her client's benefit, we conclude that a public admonishment adequately addresses her misconduct.

Accordingly, the respondent, Lucille Uttermohlen, is hereby reprimanded and admonished for the misconduct described herein.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to Jeffrey R. Smith, the hearing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.