Mario F. SANCHEZ, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 03A04–0207–CR–343.

Court of Appeals of Indiana.

Aug. 27, 2003.

Timothy P. Coriden, Coriden Law Office, Columbus, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

MAY, Judge.

Mario Sanchez was charged with felony murder,[1] armed robbery, a Class B felony,[2] and robbery resulting in serious bodily injury, a Class A felony.[3] He appeals his convictions after a jury trial of felony murder and armed robbery.[4] Sanchez raises two issues:

1. Whether the trial court erred in denying his motion for a mistrial because of communications between an alternate juror and active jurors during deliberations; and

2. Whether Sanchez's convictions of felony murder and armed robbery subjected him to double jeopardy.

We affirm in part and remand.

*FACTS AND PROCEDURAL HISTORY*

Daniel Warren sold marijuana from his Columbus, Indiana apartment from March through August, 2001. On August 9, 2001, Warren received a telephone call from a man who wished to purchase marijuana. He advised Warren he would drive that evening from Indianapolis to Columbus. Warren agreed to meet the man. Later that evening, several persons, including Nathan Carothers and Jessica Olsen, were in Warren's apartment. Warren waited outside for the man to arrive. While he was outside, Sanchez and Timmy Allen approached him. Warren invited them inside.

Once inside, Warren, Allen and Sanchez went to the back bedroom. Allen shut the door and Warren opened the drawer where he kept the marijuana. Sanchez and Allen grabbed the marijuana away from Warren, and Sanchez pulled a gun. Sanchez and Allen told Warren he was being robbed and took from Warren the rest of the marijuana and some jewelry. Sanchez and Allen then forced Warren into a closet and walked out of the apartment.

While Sanchez and Allen were leaving, Olsen went to look for Warren. When she found him in the closet, Warren told Olsen he had been robbed. Carothers heard Warren's statement and ran outside. Other people, including Warren, followed Carothers. A loud noise like a car backfiring was heard, and two cars left the apartment parking lot. Carothers turned back toward the apartment and collapsed on the landing, having been shot in the chest. He died as a result of the gunshot wound.

The jurors were instructed before they retired to deliberate that:

Mr. Gilliam and Mr. Underwood, you have been selected as alternate jurors in this case. The duties you have assumed as alternates are the same as those of the regular jurors. You will be allowed to retire with the jury to the jury room, and you should listen attentively to the deliberations of the jury.

You should not, however, participate in any manner in the discussions, deliberations or voting of the jury. You

---

1. Ind.Code § 35–42–1–1.

2. Ind.Code § 35–42–5–1.

3. Ind.Code § 35–42–5–1.

4. The trial court vacated Sanchez's conviction of robbery resulting in serious bodily injury as a Class A felony.

should listen silently and without comment to the deliberations. You may only participate in the deliberations if and when the Court excuses a regular juror and you are directed by the Court to actively serve.

The foreperson for the jury shall prevent any discussion or voting by an alternate, and shall promptly report to the Court any violation of this instruction.

(App. at 44.)

During deliberations, the following note was given to the trial judge:

One of the alternates asked if he could clarify a point the active jurors was [sic] making. As the foreman I said yes, thinking it was important for him to be clear. He rather clarified a point *for* the actives by further corroborating a fact 3 actives had written down. I shut down the discussion at that point, citing my confusion as to the original point of the question, but has some irreparable damage been done?

(*Id.* at 45.)

Sanchez moved for a mistrial and an admonition. The trial court denied the motion for mistrial, but admonished the jury on the restricted role of an alternate juror. Later that day, the jury found Sanchez guilty as charged.

The trial court vacated Sanchez's conviction of robbery resulting in serious bodily injury as a Class A felony and sentenced Sanchez to sixty years for the felony murder and fifteen years for armed robbery as a Class B felony. The sentences were to be served consecutively.

### DISCUSSION AND DECISION

1. *Alternate Juror Participation*

Sanchez contends "the out of court communications between the alternate juror and the members of the jury were both gross and harmful ... and the denial of his request for a mistrial left [him] in grave peril." (Br. of Appellant at 7.)

▮ To succeed on appeal from the denial of a mistrial, a defendant must demonstrate that the conduct complained of was both error and had a probable persuasive effect on the jury's decision. *Booher v. State*, 773 N.E.2d 814, 820 (Ind.2002). The decision to grant or deny a motion for a mistrial lies within the discretion of the trial court. *Id.* A mistrial is an extreme remedy granted only when no other method can rectify the situation. *Id.* Because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury, the trial court's determination whether to grant a mistrial is afforded great deference on appeal. *Id.* If the trial court properly admonishes the jury, any error is generally deemed cured. *Wright v. State*, 690 N.E.2d 1098, 1111 (Ind.1997), *reh'g denied.*

▮ An alternate juror is not a member of the jury, and he or she is considered an "outside influence" under Evid. R. Rule 606(b).[5] *Griffin v. State*, 754 N.E.2d 899,

---

5. Rule 606(b) provides:
   (a) At the Trial. A member of the jury may not testify as a witness before that jury in the trial of the case in which the juror is sitting. If the juror is called so to testify, the opposing party shall be afforded an opportunity to object out of the presence of the jury.
   (b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into the validity

of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify (1) to drug or alcohol use by any juror,

902 (Ind.2001), *on reh'g* 763 N.E.2d 450 (Ind.2002). However, the alternate has been through the same *voir dire* to safeguard against bias or knowledge of information not in evidence, and has heard exactly the same evidence. *Id.* Intrajury influence is not sufficient to overturn a verdict. *Id.* Nor is it, in this case, enough to require a mistrial.

This case bears striking similarity to *Griffin.* In *Griffin,* while the jurors were deadlocked, one of the jurors asked an alternate her opinion on guilt. The alternate stated she believed Griffin was guilty. An affidavit submitted by one juror after the verdict stated that the alternate's opinion had affected her vote. *Id.* at 901. Our supreme court held:

> [T]he fact that one juror says the alternate's input "affected" her decision is not part of the analysis governing the request for a new trial. Rather, the trial court must consider the alternate's conduct in the overall trial context. The alternate did not add any fresh perspective to the discussion; the other jurors were well aware that the State's case relied on a strong eyewitness identification. It is difficult to believe that if eleven other jurors favored conviction, the twelfth only acceded because the alternate also favored conviction when the majority solicited one more view.

754 N.E.2d at 903.

■ Here, the alternate did not express an opinion on Sanchez's guilt or innocence; instead, he or she merely confirmed a fact several of the other jurors had written down. The foreman immediately stopped deliberations, and the jury was properly admonished by the trial court. There was sufficient evidence to convict Sanchez of felony murder, and any comment by the alternate juror did not place Sanchez in grave peril.

### 2. Sentence

■ Sanchez contends, and the State concedes, he was improperly sentenced for both felony murder and armed robbery. *See Moore v. State,* 652 N.E.2d 53, 59–60 (Ind.1995), *reh'g denied* ("It would have been a violation of double jeopardy to convict and sentence a defendant for both felony murder and the underlying robbery because conviction for felony murder could not be had without proof of robbery.") We consequently vacate Sanchez's conviction of armed robbery.

We affirm Sanchez's conviction of felony murder and remand to the trial court for modification of its sentencing order.

MATHIAS, J., concurs.

KIRSCH, J., concurring with separate opinion.

KIRSCH, Judge, concurring.

I fully concur in the decision of the majority. I write separately only to observe that the practice of allowing alternate jurors to accompany the jury during jury deliberations is fraught with peril and sets the stage for improper outside influence. Little is gained and much is risked by the practice.

---

(2) on the question of whether extraneous prejudicial information was improperly brought to the jury's attention or (3) whether any outside influence was improperly brought to bear upon any juror. A juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying may not be received for these purposes.