### In the Matter of Paul E. BROWN.

### No. 49S00–8609–DI–788.

Supreme Court of Indiana.

March 2, 1988.

Paul E. Brown, Indianapolis, pro se.

Sheldon A. Breskow, Executive Secretary, Clifford Courtney, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This case is before us for approval of a "Statement of Circumstances and Conditional Agreement" entered into by the Indiana Supreme Court Disciplinary Commission and Paul E. Brown as a result of a complaint charging the Respondent with violating Disciplinary Rules 1–102(A)(1)(4)(5) and (6), 6–101(A)(3) and 7–101(A)(1)(2) and (3) of the *Code of Professional Responsibility for Attorneys at Law.*

Upon review of all matters submitted in this case, we find, as the parties agreed, that the Respondent was admitted to the Bar of the State of Indiana on September 21, 1966 and is, thus, subject to this Court's jurisdiction. On October 2, 1985, Donald and Florence Kemp retained the Respondent to file a personal bankruptcy petition on their behalf and paid the Respondent One hundred ($100.00) dollars as a retainer. On October 18, 1985, they paid Three hundred thirty-five ($335.00) dollars as the agreed balance of the fee. At the Respondent's request, the Kemp's signed a bankruptcy petition in blank and were advised by Respondent that the petition would be completed and filed later. When creditors continued to contact the Kemps, they called Respondent who informed the Kemps that the petition had been filed. The Kemps learned later, from a creditor, that there was no record of a bankruptcy petition having been filed on their behalf. Thereafter, the Kemps discharged Respondent by a letter dated December 9, 1985. At first, the Respondent agreed to refund the fee he had received, but he later refused to do so contending that the Kemps owed him for other litigation he had handled on their behalf. A bankruptcy petition for the Kemps was filed on December 19, 1985 by another attorney. On April 20, 1987, the Respondent refunded the fee to the Kemps.

From the foregoing findings we conclude, as the parties have agreed, that the Respondent, by failing to file the bankruptcy petition, neglected a legal matter, failed to seek the lawful objections of his client and failed to carry out a contract of employment, in violation of Disciplinary Rules 6–101(A)(3) and 7–101(A)(1)(2) and (3) of the *Code.* Additionally, the Respondent, by misinforming his clients as to the status of the case, engaged in misrepresentation, in conduct which is prejudicial to the administration of justice and in conduct which reflects adversely on his fitness to practice, thereby violating Disciplinary Rules 1–102(A)(4)(5) and (6) of the *Code.*

The Respondent clearly neglected his professional duties and misled his clients. In the absence of mitigating circumstances, such conduct would warrant a sanction of a lengthier period of suspension. In assessing the agreed sanction in this case, a suspension for a period of 30 days, we note that the Respondent eventually paid back the unearned fee. The parties have also agreed, and we find, that in some 20 years of practice, no other grievances have been filed against the Respondent, and that at the time involved in this case he was experiencing emotional stress caused by personal and financial hardships.

In light of the above considerations, we conclude that the agreed sanction, a thirty day suspension fran the practice of law, is appropriate. Accordingly, the agreenient of tkle parties is hereby accepted and approved and, by virtue of the misconduct found herein, the Respondent, Paul E. Brown, is suspended fran the practice of law for a period of thirty (30) days, beginning April 1, 1988.

Costs of this proceeding are assessed against the Respondent.