In the Matter of Eugene V.
YOUNG, Jr.

No. 60S00–8707–DI–687.

Supreme Court of Indiana.

Nov. 27, 1989.

Eugene V. Young, pro se.

Linda K. Barnard, Indiana Supreme Court Disciplinary Comm'n, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This attorney disciplinary proceeding was initiated by the filing of a verified single-count complaint by the Disciplinary Commission of this Court. The Respondent, Eugene V. Young, Jr., has been charged with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and engaging in conduct prejudicial to the administration of justice in violation, respectively, with Disciplinary Rule 1–102(A)(4) and (5). Pursuant to the procedures set forth under Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was held, and the Hearing Officer has tendered to this Court his Findings of Fact and Conclusions of Law.

The Hearing Officer has offered a recommendation as to the appropriate sanction to be imposed in this proceeding, to which the Disciplinary Commission objects. In response to the Disciplinary Commission's objection, the Respondent urges this Court to accept the recommended sanction or, in the alternative, provide a full review of all aspects of this case.

This Court's review in a disciplinary proceeding involves a *de novo* examination of all matters presented for consideration. *In re Hampton* (1989), Ind., 533 N.E.2d 122. Unless challenged, however,

the findings of the Hearing Officer establish the factual basis upon which the allegations of misconduct are measured. *In re Sekerez* (1984), Ind., 458 N.E.2d 229. Admission and Discipline Rule 23, Section 15(c), requires a party in a petition for review to set forth the alleged erroneous factual findings and provide a transcript of the proceedings containing all testimony in support of such contention. In that such petition or transcript has not been provided, the Hearing Officer's factual findings establish our basis of analysis. *In re Long* (1986), Ind., 486 N.E.2d 1031; *In re Sekerez, Supra.* This does not mean, however, that this Court is required to accept the conclusions of law predicated on these findings or any recommended sanction. *In re Long, Supra; In re Crumpacker* (1978), 269 Ind. 630, 383 N.E.2d 36.

Employing the above described process of review, we now find that in January, 1985, the Respondent was consulted concerning the filing of a bankruptcy petition. At that time, the Respondent was paid $160.00; $100.00 was to be considered as a retainer and $60.00 was to be used as the filing fee. It was understood by the client that the total fee would be $275.00 and that the full amount would be paid before the final hearing was scheduled in the bankruptcy court. In October, November, and December, 1985, Respondent's client paid twenty dollars each month bringing the total paid fee to $220.00.

Over the next twenty months, this client received numerous demands from creditors and on two occasions received summons for law suits filed by creditors. Prior to September 29, 1986, Respondent advised his client that a creditor's meeting would be held on that date at 11:00 A.M. At the allegedly scheduled time, Respondent met his client in the hall of the Federal Building in Indianapolis, Indiana, and informed her that the meeting had been canceled. Respondent further informed his client that another hearing would be scheduled within thirty days.

Thereafter, Respondent's client telephoned the Bankruptcy Court in Indianapolis and was advised that no bankruptcy petition had ever been filed on her behalf. By a letter dated November 18, 1986, the client requested that the fees paid to date be returned. On January 22, 1987, Respondent's client filed a suit against the Respondent in the Monroe Superior Court, Small Claims Division, and was eventually awarded a judgment in the amount of $220.00, plus interest and costs. This judgment was subsequently paid in full.

In light of the above noted findings, we now conclude that by misrepresenting the status of pending litigation and arranging for his client to come to the bankruptcy court when there was no petition on file, the Respondent violated Disciplinary Rule 1–102(A)(4). We further conclude that this misrepresentation tended to reflect adversely on the courts and accordingly constituted a violation of Disciplinary Rule 1–102(A)(5).

Having found misconduct, it is now the duty of this Court to assess an appropriate disciplinary sanction. This is the point of contention between the parties in this case. The Hearing Officer has recommended against suspension or disbarment noting that this Court imposed a thirty day sanction in *In re Brown* (1988), Ind., 519 N.E.2d 1216 under similar, but not identical circumstances. The Disciplinary Commission contends that the recommended discipline is not adequate under the circumstances and the Respondent supports the merit of the recommendation noting that the Hearing Officer had the benefit of observing all of the testimony.

As previously stated, this Court is not bound by the recommended sanction offered by the Hearing Officer. In all disciplinary matters it is the duty of this Court to determine an appropriate sanction through an examination of the nature of the violation, the specific acts of the Respondent, this Court's responsibility to preserve the integrity of the Bar and the risk to which the public will be subjected if the Respondent is permitted to continue in the profession. *In re Moerlein* (1988), Ind., 520 N.E.2d 1275. As noted by Justice Prentice, the assessment of the appropriate discipline is a judgment upon which reason-

able minds may and do differ. *In re Farr; In re Hulse* (1976), 264 Ind. 153, 340 N.E.2d 777.

■ In the present case, the Respondent deliberately misrepresented the status of a proceeding and engaged in a plan of deception. The misconduct in the present proceeding clearly exceeds the acts found in the above noted *Brown* decision where the misinformation was limited to the status of the case. It is further noted that the Respondent, even though not fulfilling his professional duties, required his own client to resort to litigation for the return of clearly unearned fees. This later circumstance also was not present in *Brown*.

In view of the above considerations, it is our opinion that a period of suspension is warranted in the circumstances present in this case. It is, therefore, ordered that, by reason of the misconduct found in this case, the Respondent, Eugene V. Young, Jr., is hereby suspended from the practice of law for a period of six months beginning January 1, 1990. Following this period of suspension the Respondent shall be automatically reinstated to the practice of law in the State of Indiana.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DeBRULER, J., concur in all but the sanction, believing that four months is the appropriate length of the suspension.