FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT
 DISCIPLINARY COMMISSION

Karl L. Mulvaney Donald R. Lundberg, Executive Secretary
Indianapolis, Indiana 115 West Washington Street
 Indianapolis, Indiana 46204

 IN THE

 SUPREME COURT OF INDIANA

IN THE MATTER OF )
 ) CASE NO. 64S00-9907-DI-401
KENNETH J. ALLEN )

 DISCIPLINARY ACTION

 September 13, 2002

Per Curiam

 The Disciplinary Commission charged Valparaiso attorney Kenneth J.
Allen with making misrepresentations to potential jurors during voir dire,
purposefully reading documents identified by opposing counsel as
confidential, and issuing a misleading press release. We find today that
these actions violate the Rules of Professional Conduct.
 The hearing officer appointed by this Court to hear this matter found
misconduct and recommended a public reprimand. The Commission has
petitioned this Court for review of the hearing officer’s report, pursuant
to Ind.Admission and Discipline Rule 23(15). Our review process in
disciplinary cases is de novo in nature, based on the entire record
presented to us. Matter of Manns, 685 N.E. 2d 1071 (Ind. 1997), Matter of
Young, 546 N.E. 2d 819 (Ind. 1989).
 Under Count I of the verified complaint underlying this action, the
parties stipulate that the respondent was principal counsel for the
plaintiff class in a class-action lawsuit. The lawsuit involved charges of
child molestation. During the voir dire of prospective jurors, the
respondent stated:
 “I cannot and will not represent a person who is a criminal or charged
 with a criminal offense. It’s part of my make up that I don’t agree
 with that, and I’d just rather not do it, so I don’t. And no lawyers
 in my law firm do the…it’s my obligation and it’s our obligation at
 our firm when somebody comes in, to them know that, to let them know
 that I may not be qualified to handle their case if it’s a – if it’s a
 murder or some criminal activity….that’s not something I can do well,
 and I –or that – we choose not to do it at all.”

The respondent stated to another panel of potential jurors that:
 “I don’t, and none of the lawyers in our firm represent criminal
 defendants. We don’t do that kind of work. It’s not something that
 I’m suited for … I just mean that it’s something that we decided not
 to do, and we don’t do it … and you know, the truth is, we don’t do
 anything besides represent people who have been hurt or the families
 of people who have been killed, and that’s all we do. And so whether
 it’s a murder case, or a rapist or robber…we don’t do that.”

Although the respondent’s law firm did not engage in the practice of
criminal law, during relevant times the respondent was employed as a part-
time indigent counsel in the Lake Superior Court, Division III where he
routinely was appointed to represent criminal defendants.
 The Commission charged the respondent with knowingly making false
statements of material fact in violation of Ind.Professional Conduct Rule
3.3(a)[1] and with engaging in conduct involving deceit and
misrepresentation in violation of Prof.Cond.R. 8.4(c).[2] The hearing
officer found that because the respondent at least part of the time used
terms such as “we do not” or “our office does not” while denying that he
practiced criminal law, there was no material misrepresentation. A
"material" representation may be defined as one "relating to matter which
is so substantial and important as to influence the party to whom it is
made." Matter of Wagner, 744 N.E.2d 418, 421 (Ind. 2001) (in the context
of Prof.Cond.R. 4.1(a) relating to false statements of material fact to
third parties); Black's Law Dictionary, p. 880 (5th Ed.1979). The
respondent contends that his statements were not material, but instead a
voir dire tactic intended to elicit candor from prospective jurors. His
statements to the jurors, as quoted above, contain numerous references
indicating that the respondent did not practice criminal law. In fact, the
use of the pronoun “I” so permeates the respondent’s statements that the
clear message is that he did not practice criminal law, and not, as he
contends, that only his firm did not. Such statements are “substantial and
important” in selecting a jury to hear a civil case hinging on allegations
of child molesting. The respondent might, for example, seek to lead
potential jurors to believe that he would not represent a person charged
with such a crime, given that he was bringing an action which essentially
(in a civil context) alleged such violations. Accordingly, we find that
his statements were “material,” and further that they misrepresented the
range of the respondent’s law practice by indicating that he did not
practice criminal law when in fact he did. We find that he violated
Prof.Cond.R. 3.3(a) and 8.4(c).[3]
 The parties further stipulated that during a mid-trial deposition of
one of the plaintiff’s expert witnesses conducted at the law offices of one
of the defense counsel attorneys, the respondent paced around the room and
looked through and read documents belonging to defense counsel, despite
defense counsel’s protests and identification of the documents as
“sensitive” and “confidential.” Despite the warnings, the respondent
continued reading the documents. After the deposition, defense counsel
moved for, and was granted, a mistrial. In addition to granting the
mistrial, the court barred the respondent from representing the class in
further proceedings.
 We now find that by reading opposing counsel’s confidential documents
despite being asked to stop, the respondent engaged in conduct prejudicial
to the administration of justice in violation of Prof.Cond.R. 8.4(d).[4]
 Under Count II, the parties stipulate that the respondent released a
“press advisory” following the crash of American Eagle Airlines flight
#4184 near Roselawn, Indiana in 1994. In his “press advisory,” the
respondent claimed that family members of two of the victims had contacted
him and that he did “not expect to file suit until after the NTSB completed
its preliminary investigation.” At the time the press advisory was
released, the respondent had not been retained to pursue any claim relating
to the crash. In the same press advisory, the respondent also made
reference to previous verdicts he had obtained in transportation related
accidents, which used statistical data and past success as an implied
indication of future success.
 The hearing officer found that the respondent with violating
Prof.Cond.R. 7.1(b)[5]. We find that the respondent violated Prof.Cond.R.
7.1(b) by issuing a false and misleading press advisory.
 Having found misconduct, we must now assess an appropriate sanction.
In so doing, we note that a current of misrepresentation runs through the
respondent’s actions in both counts. He demonstrates a willingness to
deceive potential jurors, opposing counsel, and the general public. At the
same time, we are cognizant that the hearing officer found several matters
in mitigation: the respondent’s cooperation with the Commission in its
investigation, his heretofore unblemished disciplinary record in Indiana;
and his willingness to take responsibility for at least some of his
misconduct (i.e., the advertising and deposition violations).
Notwithstanding this mitigation, we conclude that a period of suspension is
warranted in light of the pattern of deception attendant to the
respondent’s acts.
 It is, therefore, ordered that the respondent, Kenneth J. Allen, is
hereby suspended from the practice of law for a period of ninety (90) days
beginning on October 26, 2002, at the conclusion of which the respondent
shall be automatically reinstated.
 The Clerk of this Court is directed to provide notice of this order
in accordance with Admis.Disc.R. 23(3)(d) and the hearing officer in this
matter, and to provide the clerk of the United States Court of Appeals for
the Seventh Circuit, the clerk of each of the United States District Courts
in this State, and the Clerk of each of the United States Bankruptcy Courts
in this state with the last known address of the respondent as reflected in
the records of the Clerk.
 Costs of this proceeding are assessed against the respondent.

Shepard, C.J., Sullivan and Boehm, JJ. concur.
Dickson, J., dissents, believing the sanction imposed by the Court is too
lenient.
Rucker, J., dissents, believing the sanction of a public reprimand
recommended by the hearing officer would be sufficient.

-----------------------
[1] Prof.Cond.R. 3.3(a) provides in part that “[a] lawyer shall not
knowingly make a false statement of material fact or law to a tribunal.”
[2] Prof.Cond.R. 8.4(c) provides in part that “[i]t is professional
misconduct for a lawyer to engage in conduct involving dishonesty, fraud,
deceit or misrepresentation.”
[3] The hearing officer found that a charge of misrepresentation under
Prof.Cond.R. 8.4(c) can only be sustained if there was an intent to
misrepresent a fact to the potential jurors. Again, we conclude that a
reading of the respondent’s statements to the potential jurors clearly
demonstrates his conveyance of the message that the respondent did not in
any way practice criminal law. Even assuming, arguendo, that the
respondent’s motive behind that statement was to “elicit candor” from those
on the panels, it still cannot be denied that the purpose of the statements
was to lead the panel members to believe he did not practice criminal law.
[4] Prof.Cond.R. 8.4(d) provides in part that “[i]t is professional
misconduct for a lawyer to engage in conduct that is prejudicial to the
administration of justice.”
[5] Prof.Cond.R. 7.1(b) provides that “[a] lawyer shall not, on behalf of
himself, his partner or associate or any other lawyer affiliated with him
or his firm, use, or participate in the use of, any form of public
communication containing a false, fraudulent, misleading, deceptive, self-
laudatory or unfair statement or claim.”