In the Matter of Kenneth J. ALLEN.

No. 64S00–9907–DI–401.

Supreme Court of Indiana.

Sept. 13, 2002.

Order Denying Stay Oct. 18, 2002.

Karl L. Mulvaney, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission charged Valparaiso attorney Kenneth J. Allen with making misrepresentations to potential jurors during *voir dire*, purposefully reading documents identified by opposing counsel as confidential, and issuing a misleading press release. We find today that these actions violate the *Rules of Professional Conduct*.

The hearing officer appointed by this Court to hear this matter found misconduct and recommended a public reprimand. The Commission has petitioned this Court for review of the hearing officer's report, pursuant to Ind.Admission and Discipline Rule 23(15). Our review process in disciplinary cases is *de novo* in nature, based on the entire record presented to us. *Matter of Manns*, 685 N.E.2d 1071 (Ind.1997), *Matter of Young*, 546 N.E.2d 819 (Ind.1989).

Under Count I of the verified complaint underlying this action, the parties stipulate that the respondent was principal counsel for the plaintiff class in a class-action lawsuit. The lawsuit involved charges of child molestation. During the *voir dire* of prospective jurors, the respondent stated:

"I cannot and will not represent a person who is a criminal or charged with a criminal offense. It's part of my make up that I don't agree with that, and I'd just rather not do it, so I don't. And no lawyers in my law firm do the ... it's my obligation and it's our obligation at our firm when somebody comes in, to them know that, to let them know that I may not be qualified to handle their case if it's a if it's a murder or some criminal activity ....that's not something I can do well, and I or that we choose not to do it at all."

The respondent stated to another panel of potential jurors that:

"I don't, and none of the lawyers in our firm represent criminal defendants. We don't do that kind of work. It's not something that I'm suited for ... I just mean that it's something that we decided not to do, and we don't do it ... and you know, the truth is, we don't do anything besides represent people who have been hurt or the families of people who have been killed, and that's all we do. And so whether it's a murder case, or a rapist or robber ... we don't do that."

Although the respondent's law firm did not engage in the practice of criminal law, during relevant times the respondent was employed as a part-time indigent counsel in the Lake Superior Court, Division III where he routinely was appointed to represent criminal defendants.

■ The Commission charged the respondent with knowingly making false statements of material fact in violation of Ind.Professional Conduct Rule 3.3(a) [1] and with engaging in conduct involving deceit

and misrepresentation in violation of Prof. Cond.R. 8.4(c).[2] The hearing officer found that because the respondent at least part of the time used terms such as "we do not" or "our office does not" while denying that he practiced criminal law, there was no material misrepresentation. A "material" representation may be defined as one "relating to matter which is so substantial and important as to influence the party to whom it is made." *Matter of Wagner*, 744 N.E.2d 418, 421 (Ind.2001) (in the context of Prof.Cond.R. 4.1(a) relating to false statements of material fact to third parties); Black's Law Dictionary, p. 880 (5th Ed.1979). The respondent contends that his statements were not material, but instead a *voir dire* tactic intended to elicit candor from prospective jurors. His statements to the jurors, as quoted above, contain numerous references indicating that *the respondent* did not practice criminal law. In fact, the use of the pronoun "I" so permeates the respondent's statements that the clear message is that he did not practice criminal law, and not, as he contends, that only his firm did not. Such statements are "substantial and important" in selecting a jury to hear a civil case hinging on allegations of child molesting. The respondent might, for example, seek to lead potential jurors to believe that he would not represent a person charged with such a crime, given that he was bringing an action which essentially (in a civil context) alleged such violations. Accordingly, we find that his statements were "material," and further that they misrepresented the range of the respondent's law practice by indicating that he did not practice criminal law when in fact he did. We find that

1. Prof.Cond.R. 3.3(a) provides in part that "[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal."

2. Prof.Cond.R. 8.4(c) provides in part that "[i]t is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

he violated Prof.Cond.R. 3.3(a) and 8.4(c).[3]

The parties further stipulated that during a mid-trial deposition of one of the plaintiff's expert witnesses conducted at the law offices of one of the defense counsel attorneys, the respondent paced around the room and looked through and read documents belonging to defense counsel, despite defense counsel's protests and identification of the documents as "sensitive" and "confidential." Despite the warnings, the respondent continued reading the documents. After the deposition, defense counsel moved for, and was granted, a mistrial. In addition to granting the mistrial, the court barred the respondent from representing the class in further proceedings.

We now find that by reading opposing counsel's confidential documents despite being asked to stop, the respondent engaged in conduct prejudicial to the administration of justice in violation of Prof. Cond.R. 8.4(d).[4]

Under Count II, the parties stipulate that the respondent released a "press advisory" following the crash of American Eagle Airlines flight # 4184 near Roselawn, Indiana in 1994. In his "press advisory," the respondent claimed that family members of two of the victims had contacted him and that he did "not expect to file suit until after the NTSB completed its preliminary investigation." At the time the press advisory was released, the respondent had not been retained to pursue any claim relating to the crash. In the same press advisory, the respondent also made reference to previous verdicts he had obtained in transportation related accidents, which used statistical data and past success as an implied indication of future success.

The hearing officer found that the respondent with violating Prof.Cond.R. 7.1(b)[5]. We find that the respondent violated Prof.Cond.R. 7.1(b) by issuing a false and misleading press advisory.

Having found misconduct, we must now assess an appropriate sanction. In so doing, we note that a current of misrepresentation runs through the respondent's actions in both counts. He demonstrates a willingness to deceive potential jurors, opposing counsel, and the general public. At the same time, we are cognizant that the hearing officer found several matters in mitigation: the respondent's cooperation with the Commission in its investigation, his heretofore unblemished disciplinary record in Indiana; and his willingness to take responsibility for at least some of his misconduct (i.e., the advertising and deposition violations). Notwithstanding this mitigation, we conclude that a period of suspension is warranted in light of the

---

3. The hearing officer found that a charge of misrepresentation under Prof.Cond.R. 8.4(c) can only be sustained if there was an intent to misrepresent a fact to the potential jurors. Again, we conclude that a reading of the respondent's statements to the potential jurors clearly demonstrates his conveyance of the message that the respondent did not in any way practice criminal law. Even assuming, *arguendo*, that the respondent's motive behind that statement was to "elicit candor" from those on the panels, it still cannot be denied that the purpose of the statements was to lead the panel members to believe he did not practice criminal law.

4. Prof.Cond.R. 8.4(d) provides in part that "[i]t is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice."

5. Prof.Cond.R. 7.1(b) provides that "[a] lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim."

pattern of deception attendant to the respondent's acts.

It is, therefore, ordered that the respondent, Kenneth J. Allen, is hereby suspended from the practice of law for a period of ninety (90) days beginning on October 26, 2002, at the conclusion of which the respondent shall be automatically reinstated.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and the hearing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this State, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., SULLIVAN and BOEHM, JJ., concur.

DICKSON, J., dissents, believing the sanction imposed by the Court is too lenient.

RUCKER, J., dissents, believing the sanction of a public reprimand recommended by the hearing officer would be sufficient.

### *ORDER DENYING MOTION TO DELAY EFFECTIVE DATE OF SUSPENSION*

Comes now the respondent and requests that this Court delay the effective date of his suspension from the practice of law in this state to December 25, 2002. Specifically, the respondent states that he has a civil jury trial scheduled to begin December 9, 2002, and that further delay of this trial setting will be harmful to his client. The Commission has objected to the mo-

tion, arguing that the respondent has had sufficient time after notice of his suspension and before its effective date to make suitable arrangements for his client and that the respondent's actions since this Court's order demonstrate his lack of remorse for his actions resulting in his suspension. Pursuant to order issued in this matter by this Court on September 13, 2002, the respondent is to be suspended from the practice of law for a period of ninety (90) days, effective October 26, 2002. *Matter of Allen,* 783 N.E.2d 1118 (Ind. 2002).

This Court now finds that the respondent's request for delay of the effective date of his suspension should be denied.

IT IS, THEREFORE, ORDERED that Kenneth J. Allen's motion to delay the effective date of his suspension from the practice of law in this state is hereby denied.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM J., not participating.