ATTORNEY FOR THE RESPONDENTS
Karl L. Mulvaney
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Laura Beth Iosue, Staff Attorney
Indianapolis, Indiana

# In the

# Indiana Supreme Court

No. 88S00-0408-DI-346

IN THE MATTER OF

**CYNTHIA L. WINKLER**                                    *Respondent.*

No. 88S00-0408-DI-347

IN THE MATTER OF

**BLAINE GOODE**                                    *Respondent.*

Disciplinary Action

**September 13, 2005**

*Per Curiam,*

In this opinion, we find that the respondents, Cynthia L. Winkler ("Winkler"), Prosecuting Attorney, and Blaine Goode ("Goode"), Chief Deputy Prosecuting Attorney, for Washington County, violated Ind. Professional Conduct Rules 4.1(a), 4.4, and 8.4(c) and (d). Their miscon-

duct arises from their improper seizure of notes taken by a defendant during a deposition in a criminal proceeding and their attempts to conceal the seizure when questioned by defendant's counsel. For this misconduct, we suspend respondent Winkler for one hundred-twenty (120) days, with automatic reinstatement thereafter, and respondent Goode we suspend for sixty (60) days with automatic reinstatement thereafter.

This case commenced with the filing of a *Verified Complaint for Disciplinary Action* against both respondents by the Indiana Supreme Court Disciplinary Commission on August 4, 2004. Our jurisdiction in this case is conferred by Winkler's admission to the bar of this state on June 3, 1983, and Goode's admission on June 7, 2002. This Court appointed a hearing officer to hear this matter pursuant to Ind. Admission and Discipline Rule 23, Section 11(b). His report is now before the Court for consideration. Winkler has accepted the hearing officer's findings and requests that his recommended sanction, a ninety (90) day suspension, be imposed immediately. Goode has filed a petition for review in which he does not challenge the factual determinations or conclusions of the hearing officer, but urges the imposition of a public reprimand rather than the sixty (60) day suspension recommended by the hearing officer. The Court has also considered the Commission's responses to the pleadings of each respondent.

When, as here, the hearing officer's disciplinary findings are unchallenged[1], it has been the practice of this Court to accept and approve the findings subject to our final determination as to misconduct and sanction. In re Williams, 764 N.E.2d 613, 614 (Ind.2002); In re Puterbaugh, 716 N.E.2d 1287, 1288 (Ind.1999); Matter of Grimm, 674 N.E.2d 551, 552 (Ind.1996). We therefore approve and adopt the hearing officer's conclusions that the respondents' conduct violated Ind. Professional Conduct Rule 4.1(a), 4.4 and 8.4(c) and (d).

As reported by the hearing officer, we find the relevant facts as follows. On February 11, 2003, during the course of a deposition in a criminal case, Goode seized notes the defendant had written and shared with his attorney. Goode tore the notes from a legal pad that had been turned face down on a table before the defendant and his counsel left the room to confer. Goode gave the notes to Winkler who concealed them by placing the notes among a stack of files she had before her on the table. Respondents wanted to use the notes as a handwriting exemplar to compare

_____

[1] Though Goode's petition for review explicitly does not challenge the hearing officer's findings or conclusions, his response to the Commission's reply to his petition for review does challenge the hearing officer's findings. The Commission objected, contending that Goode's response was an untimely petition for review. We find that the Commission's position is correct, but also find that the material set forth in Goode's response does not change our resolution of this matter.

with other evidence in the case. When defendant and his counsel returned to the room neither respondent advised them that they had seized the notes. When counsel and the defendant began looking for the notes, Winkler went so far as to shuffle through her files as if looking for the notes. Only when defendant saw the edge of a yellow piece of paper protruding from Winkler's files, did she acknowledge having the notes and return them to defendant.

Maintaining the confidentiality of communications between an attorney and a client is a foundational element of our justice system. "The right to the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments is indispensable to the fair administration of our adversarial system of criminal justice." Maine v. Moulton, 474 U.S. 159, 168, 106 S.Ct. 477, 483, 88 L.Ed.2d 481 (1985). "The attorney-client privilege is a very important provision in our law for the protection of persons in need of professional legal help." Colman v. Heidenreich, 269 Ind. 419, 381 N.E.2d 866, 868 (1978). By their conduct, respondents infringed upon the defendant's right to communicate freely with his counsel by improperly seizing his deposition notes, which he had shared with his attorney. Without benefit of a search warrant, subpoena or court order, respondents surreptitiously took defendant's notes. This conduct is contrary to the requirements of Prof.Cond.R. 4.4, which prohibits a lawyer from obtaining evidence by means that violate the rights of a third person.

Respondents also violated Prof.Cond.R. 4.1(a), which provides that a lawyer shall not make a false statement of material fact to a third person. The Commentary to this rule notes that:

> A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentation can also occur by failure to act.

Here, Winkler directly misled the defendant and his counsel by stating and implying that she did not know where the missing notes were located. She even went through the charade of looking through her files and not finding the missing notes she knew were there. Goode failed to inform the defendant or his counsel that he had taken the notes and stood by without revealing respondents' deception. This same conduct also violates Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Finally, respondents' conduct was prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d). Not only did they potentially jeopardize a criminal prosecution, they also

damaged the public's perception of the criminal justice system, attempted to evade the authority of the judge, and ignored the protections created by our rules of procedure.

> The duty of prosecutors to conform their behavior to the law does not arise solely out of their status as attorneys. As officers charged with administration of the law, their own behavior has the capacity to bolster or damage public esteem for the system. Where those whose job it is to enforce the law break it instead, the public rightfully questions whether the system itself is worthy of respect. The harm done is to the public esteem for those charged with enforcing the law.

Matter of Seat, 588 N.E.2d 1262, 1264 (Ind. 1992).

Having found misconduct, we must now assess the appropriate discipline. In so doing, we examine the nature of the misconduct, the actual or potential injury flowing from the misconduct, the respondent's state of mind, the duty of this Court to preserve the integrity of the profession, the potential injury to the public in permitting the respondent to continue in the profession, and any mitigating or aggravating circumstances. Matter of Drozda, 653 N.E.2d 991(Ind.1995). The hearing officer recommended a ninety (90) day suspension for Winkler and a sixty (60) day suspension for Goode. While we accept the hearing officer's recommendation as to Goode, our analysis is that the recommended sanction is not adequate and does not sufficiently reflect the serious nature of Winkler's misconduct. An example of the serious consequences of similar misconduct is described in State v. Granacki, 90 Wash. App. 598, 959 P.2d 667 (1998) where criminal charges were dismissed as a sanction for a police officer who, during a break in a trial, read notes at the defense table about defendant's communication with his attorneys. Fortunately, we are not faced with deciding how to deal with such conduct in the context of a trial. We are, however, faced with determining the appropriate sanction for respondents' blatant ethical violations.

Respondents' taking the notes concerns us, but their attempts to conceal their misconduct are even more distressing. Rather than acknowledge their possession of the notes, the respondents attempted to deceive the defendant and his counsel. In this regard, the most troubling aspect of this case is Winkler's insistence, even in the proceedings before the hearing officer, that she had done nothing wrong. Based on her testimony the hearing officer concluded: "Respondent Winkler does not appreciate the wrongfulness of her conduct, and does not have any insight into why her actions were wrong." Findings of Fact and Conclusions of Law, p. 30. It is this lack of insight that leads us to conclude that a significant sanction is necessary to ensure that the seri-

ousness of her misconduct is impressed upon her. Winkler has over twenty years of experience as an attorney. In light of her insistence that she did nothing wrong, we have grave concerns that similar misconduct could be repeated in the future.

In the case of Goode, though he instigated this whole affair, he did not thereafter actively deceive the defendant and his counsel about the whereabouts of the notes nor did he insist throughout these proceedings that his conduct was proper.

The sanctions in this case must be significant. As prosecutors, respondents serve a public trust to enforce the law. Matter of Moore, 453N.E.2d 971 (Ind. 1983). Their actions here have violated that trust. An attorney who among other violations, purposefully read documents identified as confidential received a ninety (90) day suspension from the practice of law. Matter of Allen, 783 N.E.2d 1118 (Ind. 2002). Attorneys charged with law enforcement responsibilities must conduct themselves at all time in a manner that promotes public confidence in the justice system. Matter of Musser, 517 N.E.2d 395, 396 (Ind. 1988). Prosecutors are not simply advocates, but they are also "…ministers of justice. … This responsibility caries with it specific obligations to see that the defendant is accorded procedural justice …" Prof.Cond.R. 3.8, Comment 1. As such, we hold prosecutors to a high standard of ethical conduct. Here, blinded by their zealous quest to prosecute the defendant, respondents lost sight of basic ethical considerations. It is important that all lawyers understand that it is unacceptable to tolerate litigation premised on "the end justifies the means".

For the violation of the defendant's rights, for their deceit, and for their violation of the public trust, we find that the respondent, Cynthia L. Winkler, is suspended from the practice of law for one hundred-twenty (120) days, and that the respondent, Blaine Goode, is suspended from the practice of law for sixty (60) days, both with automatic reinstatement thereafter. These suspensions shall commence on a date to be decided by further order of this Court after a temporary prosecuting attorney is arranged.

Costs of these proceedings are assessed against the respondents.

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, J.J., concur

BOEHM, J., concurs as to Winkler, but dissents as to Goode, believing facts justifying discipline more serious than a public reprimand are not established by clear and convincing evidence.