### In the Matter of Antonio P. EDWARDS, Respondent.

### No. 55S00–0706–DI–240.

Supreme Court of Indiana.

July 14, 2008.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, Judge William E. Young, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent Edwards does not dispute the hearing officer's findings of fact, which are summarized below:

AX and BX, husband and wife, were charged in Morgan County with several drug-related crimes, including class D felony dealing marijuana. BX hired Steven C. Litz (respondent in Cause No. 55S00–0706–DI–241) to represent AX, while BX herself was represented by a public defender. Edwards was a deputy prosecuting attorney in Morgan County.

Litz scheduled depositions of BX and the couple's then 13–year–old son, CX, without first consulting with BX's attorney. BX's attorney told both Litz and Edwards that she (the attorney) could not attend the deposition and had advised BX not to attend. BX nevertheless appeared for the deposition with CX. Edwards informed BX and CX of their "Miranda rights" and advised them not to proceed without counsel being present. After BX told Litz and Edwards she still wanted to testify, Litz and Edwards questioned BX and CX and elicited incriminating statements from BX. In addition, Edwards made disparaging remarks to both BX and CX during their depositions. Edwards has since expressed remorse for his inappropriate language and conduct.

**Violations:** Respondent admits and the Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

4.2: Improperly communicating with a person the lawyer knows to be represented by another lawyer in the matter.

4.4(a): Using means that have no substantial purpose other than to

embarrass or burden a third party.

Edwards has no history of other ethical offenses.

**Discipline:** One purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounseled laypersons. *See Matter of Uttermohlen,* 768 N.E.2d 449, 451 (Ind. 2002). "The Rule applies even though the represented person initiates or consents to the communication." Admis. Disc. R. 4.2, cmt [3]. Because prosecutors are not just advocates, but are also ministers of justice with the obligation to see that defendants are accorded procedural justice, this Court holds prosecutors to a high standard of ethical conduct. *See Matter of Winkler,* 834 N.E.2d 85, 90 (Ind.2005). That standard includes refraining from making insulting remarks with no legitimate purpose to defendants and other persons, especially children.

For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur, except DICKSON, J., who dissents, believing that the facts of this case warrant a more severe disciplinary penalty.