In the Matter of James E. CHOVANEC.

No. 35S00–9301–DI–17.

Supreme Court of Indiana.

Oct. 5, 1994.

Kevin P. McGoff, Kiefer & McGoff, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent here, James E. Chovanec, and the Indiana Supreme Court Disciplinary Commission have tendered for our approval a Statement of Circumstances and Condition-

al Agreement for Discipline, along with Respondent's affidavit, pursuant to Ind.Admission and Discipline Rule 23. The parties entered their agreement following the Commission's filing of a Verified Complaint for Disciplinary Action, alleging that Respondent made certain false statements to the Huntington Superior Court. We accept the tendered agreement, including the thirty-day suspension from the practice of law agreed to therein. Here we more fully set out the facts and circumstances of this case.

Adopting the factual recitation contained in the agreement, we now find that the Respondent was admitted to the Bar of this state on October 21, 1975, and is therefore subject to this Court's disciplinary jurisdiction. Respondent undertook to defend David E. Searles ("Searles") against a criminal charge filed in Huntington Superior Court. A jury trial of the matter was set, as a second setting, for the morning of January 30, 1992. Around January 23 or 24, 1992, Respondent informally approached the court and inquired about the possibility of a continuance due to his reluctance to bring an expert witness to court when there existed the possibility that the first trial setting would proceed, thereby continuing Searles' trial to another day.[1] The Court informed Respondent that the first setting would likely not proceed, and that Respondent would be notified no later than January 29 whether or not Searles' case would be continued. On Monday, January 27, the court informed Respondent that it had granted a continuance of the trial scheduled for first setting, and that Respondent should be ready to proceed with Searles' trial the morning of January 30.

On January 30, at about 8:15 a.m., Respondent appeared in Huntington Superior Court Judge Jeffrey R. Heffelfinger's chambers, accompanied by a deputy prosecuting attorney. Respondent told the judge that defendant Searles was too ill to proceed with trial that day, and that Searles had been ill the day before. Based on this information, Judge Heffelfinger granted a continuance. Later that day, Judge Heffelfinger directed a member of his court staff to telephone Searles' workplace, and learned that Searles

was in fact at work that day. Judge Heffelfinger directed a sheriff's deputy to bring Searles into court, where Searles was placed under oath and questioned about his understanding as to why his trial was delayed. Searles, in substance, testified that Respondent told him the court continued his trial to better accommodate Searles' expert witness, and that Searles did not have to appear in court that day as planned. Searles made no mention of being ill that day or the day before. Within fifteen minutes of this testimony being given, Judge Heffelfinger secured Respondent's presence in the courtroom, placed him under oath, and questioned him as to the events leading up to the continuance. During questioning, the following colloquy occurred:

Judge Heffelfinger: When did Mr. Searles contact you and indicate that he was ill?

Respondent: Uh, I won't lie to you Judge, he did not.

Judge Heffelfinger: Are you indicating that you lied to the Court?

Respondent: I did not tell you the truth this morning, Judge. I was not prepared for the trial. I apologize to you, Judge. I have never done this before. . . .

We find that by knowingly making a false statement of material fact to Judge Heffelfinger, Respondent violated Rule 3.3(a)(1) of the *Rules of Professional Conduct for Attorneys at Law*. His intentional making of a false statement constitutes conduct involving dishonesty and misrepresentation in violation of Ind. Professional Conduct Rule 8.4(c), and was prejudicial to the administration of justice and thereby violative of Prof.Cond.R. 8.4(d).

Having found misconduct, we must now assess an appropriate disciplinary sanction. Clearly, Respondent's act of intentionally making a false statement to a court of law in order to secure a continuance demonstrates a lack of respect for the court's interests in fostering orderly administration of justice, and as a practical matter wasted valuable judicial time and resources.

1. The expert witness apparently had to travel from Indianapolis to testify in Searles' trial.

The parties have agreed that several factors mitigate in Respondent's favor: Respondent has never before been the subject of a disciplinary inquiry; he showed genuine remorse for his actions; he was cooperative with Judge Heffelfinger when his misconduct was discovered; he made full and free disclosure to the Commission; and he was experiencing various personal problems at or near the time · of his misconduct. We consider such mitigators in the assessment of sanction, but stress that they in no way excuse Respondent's actions.

Considering the factors above, we conclude that a period of suspension is warranted, and therefore approve the thirty day suspension agreed to by the Commission and the Respondent. It is, therefore, ordered that the Respondent, James E. Chovanec, be suspended from the practice of law for a period of not less than thirty (30) days, beginning November 7, 1994, at the conclusion of which he will be automatically reinstated.

Costs of this proceeding are assessed against Respondent.