**In the Matter of David J. MAGLEY.**

**No. 85S00–0510–DI–494.**

Supreme Court of Indiana.

Sept. 27, 2006.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** On May 11, 2001, respondent, then the Chief Deputy Prosecutor for Wabash County, was charged with Operating a Vehicle While Intoxicated, Operating a Vehicle with a Blood Alcohol Content of .10% of Greater, Operating a Vehicle with at Least .15% Blood Alcohol Content, and two counts of Reckless Driving. On December 12, 2001, respondent pled guilty to one count of Reckless Driving, a Class B Misdemeanor. All other charges were dismissed. Respondent did not notify the Commission of his conviction.

On July 27, 2005, while still employed as Chief Deputy Prosecutor, respondent was charged with Operating a Vehicle While Intoxicated and Operating a Vehicle with at Least .15% Blood Alcohol Content. On October 13, 2005, respondent pled guilty to Operating a Vehicle with at Least .15% Blood Alcohol Content, a Class A Misdemeanor.

The Commission filed its verified complaint on October 25, 2005. The respondent neither appeared nor filed an answer. On May 26, 2006, the Commission applied for a judgment on the complaint.

**Violations:** Respondent's conduct constitutes violations of Ind. Professional Conduct Rule 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; Prof.Cond.R. 8.4(d), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice; and Ind. Admission and Discipline Rule 23 § 11.1(a)(2), which requires a lawyer to notify the Commission of a criminal conviction.

For the misconduct found herein, this Court suspends respondent from the practice of law, effective November 13, 2006, for a period of not less than six (6) months, after which respondent may petition this Court for reinstatement pursuant to Ind. Admission and Discipline Rule 23 § 4. However, respondent shall remain suspended until such time as he successfully demonstrates to the satisfaction of this Court that he meets all of the reinstatement requirements, including that he can be safely recommended to the public as a person fit to resume the practice of law.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, and to all other entities as provided in Admis.Disc.R. 23(3)(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

All Justices concur.