**In the Matter of Steven C. LITZ, Respondent.**

**No. 55S00–0706–DI–241.**

Supreme Court of Indiana.

July 14, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** AX and BX, husband and wife, were charged in Morgan County with several drug-related crimes, including class D felony dealing marijuana. BX hired Respondent, Steven C. Litz, to represent AX, while BX herself was represented by a public defender. Antonio P. Edwards (respondent in Cause No. 55S00–0706–DI–241) was a deputy prosecuting attorney in Morgan County.

Litz scheduled depositions of BX and the couple's then 13–year–old son, CX, without first consulting with BX's attorney. BX's attorney told both Litz and Edwards that she (the attorney) could not attend the deposition and had advised BX not to attend. BX nevertheless appeared for the deposition with CX. Edwards informed BX and CX of their "Miranda rights" and advised them not to proceed without counsel being present. After BX told Litz and Edwards she still wanted to testify, Litz and Edwards questioned BX and CX and elicited incriminating statements from BX.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 4.2, which prohibits improperly communicating with a person the lawyer knows to be represented by another lawyer in the matter.

Respondent has received one prior disciplinary sanction. *See Matter of Litz,* 721 N.E.2d 258 (Ind.1999) (publication in local newspapers of letter that stated a client committed no crime, criticized prosecutor's decision to retry client, and mentioned

client had passed lie detector test warranted agreed public reprimand).

**Discipline:** One purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounseled laypersons. *See Matter of Uttermohlen,* 768 N.E.2d 449, 451 (Ind. 2002). "The Rule applies even though the represented person initiates or consents to the communication." Admis. Disc. R. 4.2, cmt [3].

The parties agree the appropriate sanction is a public reprimand for Respondent's misconduct. In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now approves the agreed discipline and imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

. The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur, except DICKSON, J., who dissents, believing that the facts of this case warrant a more severe disciplinary penalty.