### In the Matter of Kristina L. LYNN, Respondent.

### No. 85S00–0809–DI–509.

Supreme Court of Indiana.

Dec. 22, 2009.

## PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, Douglas B. Morton, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2005, a client ("Client") sought legal representation from Respondent. At the time, Client was involved in a small claims action, was separating from a boyfriend, was married to another man, was pregnant, and had no money. Client filed a *pro se* dissolution petition, and after the husband retained David J. Magley ("Magley") as counsel, Respondent agreed to appear for Client. After Client's child was born, DNA testing showed a very high probability that Client's husband was the father. Client reported to Respondent that she and her husband had agreed that the husband would have no rights or obligations with respect to the child. Respondent drafted an agreement to this effect. Magley, however, suggested that the parties instead submit an agreement that the husband was not the child's father. Although initially hesitant, Respondent agreed. Magley then drafted an agreement with this provision. Based on this agreement, the trial court approved a decree making no provision for the husband to have any rights or responsibilities with respect to the child.

Soon after the decree was entered, Client applied for federal Temporary Assistance for Needy Families benefits. As a result, the county prosecutor became aware of the DNA testing and filed a motion to intervene in the divorce proceeding. Eventually, the trial court approved a new divorce decree that acknowledged that the child was a child of the marriage and made provisions for support, custody, and parenting time with respect to the child.

Magley was suspended from the practice of law effective November 13, 2006, for six months without automatic reinstatement

for conduct unrelated to this matter. *See Matter of Magley,* 854 N.E.2d 349 (Ind. 2006). He has not yet sought reinstatement.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(d): Counseling or assisting a client in conduct the lawyer knows to be fraudulent.

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

**Discipline:** Respondent's misconduct was motivated by Client's concern over problems that might occur if her husband had visitation rights with the child and both parents' wish that the husband not be deemed the child's legal father. In helping to effectuate the parties' agreement, however, Respondent not only deceived the court, but also violated the right of the child to a relationship with and support from both her parents.

We have treated custodial parents who receive child support as trustees of the payments for the use and the benefit of the child. **Neither parent has the right to contract away these support benefits.** The right to the support lies exclusively with the child. Any agreement purporting to contract away these rights is directly contrary to this State's public policy of protecting the welfare of children, as it narrows the basis for support to one parent.

*Straub v. B.M.T.,* 645 N.E.2d 597, 599–600 (Ind.1994) (citations omitted, emphasis added). Soon after the agreement was effectuated, Respondent's client was apparently so lacking in financial means that she had to resort to seeking government aid to support the child.

Although Respondent's misconduct is serious, we note that Respondent did not deceive any opposing parties, did not act from a selfish motive, and was cooperative with the Commission.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning February 5, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.