**In the Matter of Steven C. LITZ, Respondent.**

No. 55S00–1006–DI–325.

Supreme Court of Indiana.

Sept. 30, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent asked his adult children to dispose of 12 to 14 "banker boxes" that contained the files of clients and former clients. At his request, the children took the boxes to a site with recycling bins. Finding the bins full, they placed the boxes on the ground by the bins. They did not inform Respondent that they did not put the boxes inside the bins. The wind later blew the tops off some of the boxes and scattered some of the contents of the client files into public view. After being notified of what occurred, Respondent and his children retrieved the documents and boxes.

A fact in aggravation is Respondent's two prior public reprimands. *See Matter of Litz,* 894 N.E.2d 983 (Ind.2008); *Matter of Litz,* 721 N.E.2d 258 (Ind.1999). Respondent's current misconduct, however, is different from and unrelated to his past misconduct. Facts in mitigation are: (1) Respondent cooperated with the Commission; (2) no client information appears to have been lost or disclosed; and (3) Respondent has a history of pro bono service.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.6(a): Revealing information relating to representation of a client without the client's informed consent.

1.9(c)(2): Revealing information relating to the representation of a former client except as the Rules would permit or require.

**Discipline:** This case highlights the critical importance of an attorney's responsibility to safeguard sensitive client information. Even if Respondent's files had been placed inside the recycling bins, the information would have been available for opportunists to retrieve, with potentially devastating consequences to the clients. Shredding client files an attorney no longer needs prior to disposal is one alternative for providing far safer protection of client information.

The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties and mitigating circumstances in this particular case, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

292

this order in the bound volumes of this Court's decisions.

All Justices concur.