### In the Matter of James E. CHOVANEC, Respondent.

### No. 09S00–0905–DI–230.

Supreme Court of Indiana.

Nov. 10, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In Respondent's representation of debtors in bankruptcy, his secretary routinely prepared and signed

his name to petitions and other papers filed in the cases, even though the bankruptcy rules require an attorney of record to make certain certifications about the filings and to sign pleadings, motions, and most other documents presented to the court. *See* Bankruptcy Rule 9011(a) and (b).

When Respondent's secretary mistakenly filed a bankruptcy petition in the Northern District of Indiana rather than in the Southern District, his secretary signed and filed a motion to dismiss. Bankruptcy Judge Grant set the motion for hearing on July 18, 2005. Respondent failed to appear at the hearing and at two subsequent hearings to show cause why he should not be held in contempt. On September 20, 2005, Judge Grant found Respondent in contempt, fined him $1,000, and prohibited him from filing any more bankruptcies in the Northern District until he petitioned for reinstatement with Chief Judge Dees. The following day, Respondent filed ten more bankruptcy cases in the Northern District. Judge Grant issued another show cause order and set it for hearing on October 12, 2005.

On September 23, 2005, Respondent filed a petition for reinstatement with Judge Grant, who transferred it to Judge Dees. Judge Dees granted Respondent limited relief, allowing him to continue with cases for which he had already been retained. Respondent then failed to appear at the October 12, 2005, show cause hearing. Judge Grant again found Respondent in contempt and prohibited him from representing any client in the Northern District until he paid a $500 fine and successfully petitioned for reinstatement.

The parties cite the following facts in mitigation: (1) Respondent was cooperative with the discipline process; and (2) this case was precipitated primarily by Respondent's lack of training and supervision of his staff rather than an intentional plan to deceive the court.

In aggravation, the parties cite Respondent's disciplinary history: *Matter of Chovanec,* 640 N.E.2d 1052 (Ind.1994) (30–day suspension with automatic reinstatement); *Matter of Chovanec,* 695 N.E.2d 95 (Ind. 1998) (12–month suspension without automatic reinstatement).

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

3.3(a): Knowingly making false statements to a tribunal (through his secretary).

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

5.3(b): Failure to make reasonable efforts to ensure that the conduct of a nonlawyer employee over whom the lawyer has direct supervisory authority is compatible with the professional obligations of the lawyer.

5.3(c): Ordering or ratifying the misconduct of nonlawyer assistants, or failing to take reasonable remedial action with respect to the misconduct of nonlawyer assistants under the lawyer's supervision.

**Discipline:** The parties propose the appropriate discipline is a one-year suspension without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than one year, without automatic reinstatement, beginning December 16, 2011.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall

fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Approval of a petition for reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. See Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., concurs only because this matter was submitted to this Court pursuant to a conditional agreement, noting that he would have voted for more severe discipline had this matter been submitted without an agreement.

SHEPARD, C.J., and DAVID, J., dissent, believing that the agreed discipline is insufficient for the misconduct admitted.