**In the Matter of Darcie L. CAMPANELLA, Respondent.**

**No. 64S00–1407–DI–455.**

Supreme Court of Indiana.

Aug. 17, 2016.

Published Order Finding Misconduct and Imposing Discipline

LORETTA H. RUSH, Chief Justice.

Upon review of the report of the hearing officer, the Honorable Kristen D. Hill, who

---

was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Amended Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

After the hearing officer issued her report, and during the pendency of briefing on this matter, the Commission filed a motion seeking to reopen the record to present additional evidence that the Commission contends has bearing on the issue of appropriate sanction. Upon consideration of that motion and Respondent's response, the Court DENIES the Commission's motion to reopen the evidence in this case.

**Facts:** In Count 1, Respondent pursued a small claims action on behalf of "Clients 1" for property damages arising from a traffic accident. The complaint sought damages of about $1,800 plus attorney fees, costs, and interest. When the defendant did not appear at the initial setting, Respondent prepared, and the court entered, a default judgment in the amount of $6,000 plus costs and interest. According to Respondent, she prepared the judgment in this amount based on her client's representation to her at the hearing that he had suffered additional unclaimed damages as well as Respondent's mistaken belief at the time that she was entitled to an attorney fee award. The defendant subsequently appeared by counsel and filed a motion to set aside the default judgment. At the hearing on that motion, Respondent did not offer an attorney fee affidavit or evidence that Clients 1 had additional unclaimed damages; rather, Respondent announced her intention to file an amended claim requesting treble damages pursuant to the Crime Victims Relief Act. The court granted the defendant's motion to set aside the judgment. The case later was tried, with Clients 1 seeking (and ultimately being awarded) their original requested judgment amount of about $1,800 plus costs.

For her conduct in Count 1, Respondent was charged with violations of Indiana Professional Conduct Rules 1.1, 3.1, 3.3(a)(1), and 8.4(d). The hearing officer found a violation of Rule 8.4(d), based on Respondent's conduct during the proceedings to set aside the default judgment, because by that time Respondent knew the evidence and law could not support a $6,000 judgment. Respondent seeks review of that finding, and the Commission seeks review of the findings that Respondent's conduct did not violate Rules 1.1, 3.1, and 3.3(a)(1) as charged.

In Count 2, Respondent represented "Client 2" in a lawsuit arising from the trade-in of a used vehicle. Client 2 alleged a vehicle titled in the names of herself and her former husband had been traded into a dealer ("Bosak") without her consent by the former husband and his new girlfriend by means of a forged power of attorney. The named defendants included Bosak and "Chrysler" among others, and the counts alleged against the various defendants included theft and conversion, fraud, negligence, and respondeat superior liability. In pretrial proceedings, Respondent was sanctioned for failure to comply with discovery requests by Bosak and Chrysler. Eventually, the trial court issued separate orders awarding Chrysler summary judgment and Bosak partial summary judgment.

Respondent filed notices of appeal of both orders on behalf of Client 2. While both appeals were pending, Respondent sent a settlement demand letter to all opposing counsel demanding $200,000,000 and threatening to file a disciplinary grievance against Chrysler's counsel unless the

demand was met. The Court of Appeals dismissed the Bosak appeal because the appealed order was neither a final judgment nor an appealable interlocutory order. The Court of Appeals affirmed the summary judgment award to Chrysler.

For her conduct in Count 2, Respondent was charged with violations of Professional Conduct Rules 1.1, 3.1, 3.4(d), and 8.4(d). The hearing officer found violations of Rule 1.1, for Respondent's admitted failure to provide Client 2 with competent representation, and Rule 8.4(d), based on Respondent's threat to file a grievance against Chrysler's counsel if her settlement demand was not met. Respondent has not sought review of those findings. The Commission seeks review of the findings that Respondent's conduct did not violate Rules 3.1 and 3.4(d) as charged.

**Violations:** The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Indiana Admission and Discipline Rule 23(14)(i). And while the review process in disciplinary cases involves a *de novo* examination of all matters presented to the Court, a hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See Matter of Brizzi,* 962 N.E.2d 1240, 1244 (Ind.2012). Many of the hearing officer's comprehensive findings and conclusions in this case turn in large part on credibility determinations, the specific manner in which the rule violations were charged, and particular nuances of the underlying proceedings involving Clients 1 and 2. Upon careful review of the materials before us and with the above considerations in mind, we find sufficient support for the hearing officer's findings and conclusions with respect to each of the charged rule violations. Accordingly, we find that Respondent violated Professional Conduct Rule 1.1 with respect to Count 2

and Professional Conduct Rule 8.4(d) with respect to both counts, and we find in favor of the Respondent on the remaining charges.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 30 days, without automatic reinstatement, beginning September 28, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs assessed in this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The Court assesses against Respondent **one-half of the costs and expenses** of this proceeding, including costs incurred by the Commission and payment for the services of the hearing officer. In addition, the Court assesses against Respondent a fee of two hundred fifty dollars ($250) payable to the Clerk. *See* Admis. Disc. R. 23(16). The hearing officer appointed in this case is discharged.

All Justices concur.