ATTORNEY FOR THE RESPONDENT
Michele S. Bryant
Evansville, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
David E. Griffith, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED

Feb 14 2017, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 87S00-1604-DI-190

IN THE MATTER OF:

GENE D. EMMONS,

*Respondent.*

Attorney Discipline Action

**February 14, 2017**

**Per Curiam.**

We find that Respondent, Gene D. Emmons, engaged in attorney misconduct by converting guardianship funds, failing to comply with court orders, and failing to cooperate with the disciplinary process. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least three years without automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(11) (2016), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Charges and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's 2008 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

**Stipulated Facts**

Respondent was appointed by the Warrick Circuit Court as guardian of an 88-year-old incapacitated woman ("Ward") living in a nursing home. In his capacity as guardian, Respondent became a signatory on Ward's "PTSB" and "PNC" bank accounts. Ward's account at PTSB was an attorney fiduciary account subject to overdraft reporting to the Commission.

Without the required court authorization, Respondent wrote three checks from the PTSB account, totaling $20,000 and payable to himself, indicating in the subject lines that the checks were for legal fees. In early 2015, the court ordered Respondent to prepare a biennial accounting of the guardianship. Respondent failed to do so, and in March 2015 the court ordered Respondent removed as guardian. After appointing another attorney as guardian, the court ordered Respondent as the previous guardian to file a final accounting, which Respondent also failed to do.

The court later ordered Respondent to appear and explain his failure to comply with the court-ordered accounting. Respondent failed to appear on the scheduled hearing date. Meanwhile, the Commission began investigating Respondent's actions and demanded a response. Respondent failed to respond, leading to the initiation of show cause proceedings in this Court and, eventually, an indefinite suspension for noncooperation that remains in effect. Matter of Emmons, 52 N.E.3d 797 (Ind. 2016). Respondent also failed to timely comply with a subpoena duces tecum seeking production of his guardianship file, and when he did comply, the file he produced was incomplete.

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

  1.15(a): Failing to maintain complete records of client trust account funds and keep them for a period of five years after termination of the representation.
  3.4(c): Knowingly disobeying court orders.
  8.1(b): Knowingly failing to respond to a lawful demand for information from a disciplinary authority.

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

The parties also agree Respondent violated Rule 4(A)(2) of the Indiana Supreme Court Disciplinary Commission Rules Governing Attorney Trust Account Overdraft Reporting by failing to notify PTSB that Ward's account at that bank was subject to overdraft reporting to the Commission.

The parties cite as facts in aggravation Respondent's pattern of misconduct encompassing multiple offenses, his bad-faith obstruction of the disciplinary proceeding, and the vulnerability of Ward. In mitigation, the parties cite Respondent's inexperience and lack of disciplinary record prior to the events described above.

## Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See* Matter of Newman, 958 N.E.2d 792, 800 (Ind. 2011).

Respondent and the Commission propose that Respondent receive a suspension from the practice of law for a period of at least three years, without any "credit" being given for the time Respondent already has served under suspension due to his noncooperation. Respondent's conversion of guardianship funds and subsequent efforts to conceal his actions from the trial court and Disciplinary Commission are among the most serious types of misconduct. The American Bar Association's *Standards for Imposing Lawyer Sanctions* provide that disbarment generally is appropriate when an attorney knowingly converts client property and causes injury or potential injury to a client, or when an attorney knowingly violates a court order or rule with the intent to benefit himself and in doing so causes serious injury or potentially serious injury to

3

a party. *See ABA Standards*, Standards 4.11, 5.11, 6.21. However, in light of the agreed mitigating factors in this case, the Court's desire to foster agreed resolutions of attorney disciplinary cases, and the protection to the public afforded by our discretionary reinstatement process, we approve the proposed discipline. To regain his privilege to practice law after his minimum period of suspension has elapsed, Respondent would be required to petition this Court for reinstatement and prove his professional rehabilitation by clear and convincing evidence. *See* Admis. Disc. R. 23(18)(b) (2017).

## Conclusion

The Court concludes that Respondent violated the Indiana Rules of Professional Conduct by converting guardianship funds, failing to comply with court orders, and failing to cooperate with the disciplinary process. Respondent already is under an order of indefinite suspension due to his noncooperation with the Commission's investigation. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective from the date of this opinion. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except David, J., who would reject the conditional agreement.