## In the MATTER OF: HONG-MIN JUN, Respondent

### Supreme Court Case No. 49S00-1405-DI-335

Supreme Court of Indiana.

Filed March 28, 2017

Published Order Finding Misconduct and Imposing Discipline

Robert D. Rucker, Acting Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable Amy M. Jones, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2012, Respondent was hired by a United States citizen living in New Jersey to assist his wife, a citizen and resident of South Korea, in immigrating to the United States to live here permanently. Respondent advised his client that the lawful method to gain permanent residency involved a process known as consular processing to obtain an immigrant visa, but that this process could take upward of ten months. Respondent alternatively proposed a quicker process—for the client's wife to enter the United States on a non-immigrant visa or visa waiver and then seek a permanent residency status once she was physically present in the country. Respondent's client chose this method over consular processing.

Federal regulations create a presumption that spouses of United States citizens enter the country with the intent to remain permanently. Respondent knew that to obtain the non-immigrant visa or visa waiver, his client's wife would have to state falsely on her application that she intended to leave at the expiration of her non-immigrant visa period, fail to reveal her marital status to a United States citizen, or make other false or misleading statements. Making such a false statement of intent is a federal criminal offense. Respondent also knew his client's wife likely would need to buy a round-trip ticket as evidence of her intent to return to South Korea.

When the client's wife arrived in the United States, she was denied entry based on false statements to customs officials and forced to take the next return flight to South Korea. Because of these false statements, it will be significantly more difficult in the future for the client's wife to enter or become a permanent resident of the United States.

**Violation:** The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Indiana Admission and Discipline Rule 23(14)(i) (2016). And while the review process in disciplinary cases involves a de novo examination of all matters presented to the Court, a hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See* Matter of Campanella, 56 N.E.3d 631, 633 (Ind. 2016).

Upon careful review of the materials before us, we find sufficient support for the hearing officer's findings and conclusions, including her ultimate conclusion that Respondent counseled or assisted his client to engage in conduct he knew to be criminal or fraudulent. Accordingly, we find that Respondent violated Indiana Professional Conduct Rule 1.2(d).

**Discipline:** The harm caused by Respondent's misconduct was significant, and as an experienced lawyer Respondent either knew or should have known the risks

involved for his client and his wife. On the other hand, Respondent has no prior discipline, he was cooperative with the Commission, and his misconduct was not due to selfish motives but rather a desire to expedite the immigration process for his client's wife. The balance of considerations persuades us that a public reprimand is an appropriate sanction. *See* Matter of Scionti, 630 N.E.2d 1358 (Ind. 1994). Accordingly, for Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.