### In the MATTER OF: Tarek E. MERCHO, Respondent

### Supreme Court Case No. 49S00-1512-DI-716

Supreme Court of Indiana.

Filed March 29, 2017

Published Order Finding Misconduct and Imposing Discipline

Robert D. Rucker, Acting Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable Michael D. Keele, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional mis-

conduct and imposes discipline on Respondent.

**Facts:** Respondent misappropriated funds from his attorney trust account over a period of several years, making dozens of disbursements of client funds for purely personal purposes. Further, at least two of these instances involved disbursement of funds Respondent was holding in trust for another attorney and that attorney's client. During the Commission's investigation, Respondent made numerous false statements, and submitted a client ledger containing false entries, in an attempt to extricate himself from the disciplinary process.

The Commission alleged, and the hearing officer found, that Respondent violated Professional Conduct Rules 1.15(a) and 8.1(a), and Admission and Discipline Rules 23(29)(a)(4) (2016) and 23(29)(a)(5) (2016), in connection with his trust account mismanagement and dishonesty toward the Commission. Respondent has not sought review of those findings. The Commission also alleged violations of Professional Conduct Rules 8.4(b) and 8.4(c), premised on the notion that Respondent's financial mismanagement was criminal in nature, but the hearing officer found the Commission had not sustained its burden of proof on these charges. The Commission seeks review of the hearing officer's conclusions that Respondent did not commit criminal conversion or deception.

**Violations:** The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Admis. Disc. R. 23(14)(i) (2016). And while the review process in disciplinary cases involves a de novo examination of all matters presented to the Court, a hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See* Matter of Campanella, 56 N.E.3d 631, 633 (Ind. 2016). The hearing officer heard

Respondent's testimony and appears to have credited it. The hearing officer also appears to have credited other evidence tending to reflect the absence of criminal intent, including that no clients ultimately were denied funds or services and that Respondent took corrective measures upon discovering the depth of his trust account mismanagement. Upon careful review of the materials before us, we find sufficient support for the hearing officer's findings and conclusions with respect to each of the charged rule violations. Accordingly, we find that Respondent violated Professional Conduct Rules 1.15(a) and 8.1(a) and Admission and Discipline Rules 23(29)(a)(4) (2016) and 23(29)(a)(5) (2016), and we find in favor of Respondent on the remaining charges.

**Discipline:** The hearing officer recommended a 90-day suspension followed by a one-year probationary period to include monitoring of Respondent's attorney trust account by a certified public accountant (CPA). Respondent urges us to adopt that recommendation, while the Commission urges us to impose a suspension of at least one year without automatic reinstatement.

Respondent's pervasive financial mismanagement and his dishonesty toward the Commission are serious offenses warranting an active suspension, and the Commission's argument that Respondent thereafter should be required to undergo the reinstatement process is not without some force. However, in light of Respondent's adjudged lack of criminal intent, his lack of prior discipline, and the corrective measures he already has undertaken, we conclude that a suspension followed by probation with CPA monitoring is appropriate discipline in this case.

Accordingly, for Respondent's professional misconduct the Court **suspends Respondent from the practice of law for a period of 180 days, beginning May 10,** **2017, with 90 days actively served and the remainder stayed subject to completion of at least one year of probation.** Respondent's probation shall include trust account monitoring by a CPA who is acceptable to the Commission and who shall report quarterly to the Commission. Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(16). Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.