**In the MATTER OF: Patrick H. MULVANY, Respondent**

**Supreme Court Case No 49S00-1610-DI-559**

Supreme Court of Indiana.

May 18, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Respondent represented clients in federal court seeking judicial review of Social Security claims. A federal statute made attorney fees available to clients who prevailed. In a series of cases spanning several years, Respondent submitted applications for attorney fees that did not comply with the statutory requirement to file a statement reflecting actual time expended. Instead, Respondent submitted virtually identical applications in each case in which he appeared to assign a general hourly "worth" to certain tasks, regardless of time actually spent. The magistrate and district court judges denied these applications in a series of orders that called to Respondent's attention, with progressively stronger language, the need to track and report actual time spent on the case.

Respondent's failure to comply with these directives came to a head in 2015 when, in response to a brief filed by the Social Security Administration opposing a fee award, Respondent filed an amended attorney fee affidavit that falsified his time actually spent on the case. Following a hearing, the district court denied the application based on the false affidavit and ordered Respondent to provide a copy of the order to the Disciplinary Commission, which he did. Respondent also filed a report with the district court expressing contrition and resolving to employ appropriate timekeeping practices and procedures going forward.

**Violations:** The parties agree that Respondent violated Indiana Professional Conduct Rule 3.3(a)(1), which prohibits knowingly making a false statement of fact to a tribunal, and Rule 8.4(c), which prohibits engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** The parties propose the appropriate discipline in this case is a public reprimand. The parties acknowledge that many past cases of this nature have resulted in a short suspension. *See, e.g.,* Matter of Lynn, 918 N.E.2d 334 (Ind. 2009); Matter of Malkowski, 779 N.E.2d 1154 (Ind. 2002). However, the parties agree that a short suspension would be unduly harsh

under the unique circumstances of this case due to the disproportionate impact it would have on Respondent's sole area of practice before the Social Security Administration. In light of these unique circumstances and the agreed mitigating factors, which include among other things Respondent's public contrition, cooperation with the disciplinary proceedings, and lack of prior discipline, the Court approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.