


FILED
Apr 11 2019, 2:49 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 18S-DI-6

## In the Matter of
## Marjonie D. Gabriel,
*Respondent.*

Decided: April 11, 2019

Attorney Discipline Action

Hearing Officer Robert C. Reiling

**Per Curiam Opinion**

Chief Justice Rush, and Justices David, Slaughter, and Goff concur.

Justice Massa not participating.

**Per curiam.**

We find that Respondent, Marjonie Gabriel, committed attorney misconduct by knowingly disobeying court orders. For this misconduct, we conclude that Respondent should be suspended for 90 days with automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 2009 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

In 2008, Respondent left a prosecutorial position in California and returned to Indiana to care for her father, who was in deteriorating health. Respondent's father also was in the midst of a separation from his wife (Respondent's estranged mother), who was sequestering and possibly dissipating marital assets.[1] That fall, Respondent's father executed a power-of-attorney appointing Respondent as his attorney-in-fact and stating, in part, that Respondent "shall be entitled to reimbursement for all reasonable expenses incurred on my behalf and . . . may also be entitled to reasonable compensation for any services provided."

In 2010, a guardianship was opened in Hamilton Superior Court and Respondent was appointed as guardian of her father's person. In 2012, Respondent was appointed by the guardianship court as successor guardian of her incapacitated father's estate.

In the first several years following her return to Indiana, Respondent expended considerable sums of her own savings on her father's behalf. During this time Respondent also experienced significant health issues of

---

[1] Respondent's father petitioned for marital dissolution in late 2008, but those proceedings ultimately were dismissed in 2012 due to concerns about Respondent's father's competency.

her own, resulting in major medical bills and Respondent's inability to consistently maintain a law practice in Indiana. Respondent's personal savings and assets soon were depleted, and she alternately found herself living temporarily with friends or out of her own vehicle.

At some point in late 2013 or early 2014, the guardianship received about $40,000 in proceeds from the sale of Respondent's parents' marital residence.[2] Beginning around the same time, Respondent made dozens of payments and withdrawals from the estate to herself without obtaining the requisite court approval and in violation of a restraining order that had been issued by the guardianship court. During that period, Respondent also failed to file required accountings and failed to comply with several court orders to do so. In early 2016 the guardianship court held Respondent in contempt, appointed a successor guardian, and again ordered Respondent to provide an accounting. Respondent did not do so and was held in contempt again in November 2016. Meanwhile, Respondent's father passed away in September 2016.

The Commission charged Respondent with violating Indiana Professional Conduct Rule 3.4(c) based on her knowing disobedience of the guardianship court's orders. Respondent admitted, and the hearing officer found, that Respondent violated this rule.

The Commission also charged Respondent with violating Rule 8.4(b), based on the Commission's allegations that Respondent's actions amounted to criminal conversion and/or exploitation of an endangered adult. The hearing officer concluded that the Commission had failed to sustain its burden of proving this charge.

## Discussion and Discipline

The Commission has petitioned this Court to review the hearing officer's findings and conclusions that the Commission failed to prove a

---

[2] By this time Respondent's mother had been residing out-of-state for several years and Respondent's father was residing in an assisted living facility.

violation of Rule 8.4(b). The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Ind. Admission and Discipline Rule 23(14)(g)(1). While the review process in disciplinary cases involves a *de novo* examination of all matters presented to the Court, the hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See Matter of Campanella*, 56 N.E.3d 631, 633 (Ind. 2016).

The crime of conversion is committed when a person "knowingly or intentionally exerts unauthorized control over property of another person[.]" I.C. § 35-43-4-3(a). The hearing officer found, among other things, that even assuming Respondent's exercise of control over guardianship funds was unauthorized, Respondent reasonably believed under the circumstances that her actions were authorized. In so finding, the hearing officer expressly credited Respondent's own testimony and evidence in support, as well as relevant testimony from the judge who had presided over the guardianship matter. (HO's Report at 10-12, 16). The Commission's brief in support of its petition for review points to contrary evidence, perhaps most notably that the proceeds from the sale of the marital residence were subject to a restraining order. However, keeping in mind the Commission's burden of proof and the emphasis we afford factual findings arising from the hearing officer's opportunity to observe witnesses directly and adjudge their credibility, we find sufficient support in this record for the finding that Respondent reasonably believed her actions were authorized. And from this finding we conclude, as did the hearing officer, that the Commission failed to prove Respondent acted with the requisite *mens rea* to support a finding of criminal conversion. *See JET Credit Union v. Loudermilk*, 879 N.E.2d 594, 597-98 & n.5 (Ind. Ct. App. 2008); *see also Whitlock v. Brown*, 596 F.3d 406, 412-13 (7th Cir. 2010).

As relevant here, criminal exploitation is committed when a person "recklessly, knowingly, or intentionally exerts unauthorized use of . . . the property of . . . an endangered adult . . . for the person's own profit or advantage[.]" I.C. § 35-46-1-12(a). An "endangered adult" is defined by several conjunctive elements, one of which is that the person is "harmed or threatened with harm as a result of . . . exploitation of the individual's personal services or property." I.C. § 12-10-3-2(a). Among other things, the

hearing officer found that Respondent's conduct was not done for her own profit or advantage because she used the guardianship funds at issue as partial reimbursement for expenses she had advanced and liabilities she had incurred to provide care for her father. The hearing officer further found that Respondent's father suffered no actual harm from Respondent's conduct and, under the particular circumstances present here, no potential harm. (HO's Report at 14-15). Again, although the Commission points to contrary evidence, we find sufficient support in the record for the hearing officer's findings and conclude, as did the hearing officer, that the Commission failed to sustain its burden of proving that Respondent committed criminal exploitation.

Because the Commission failed to establish that Respondent committed criminal conversion or exploitation, we find in favor of Respondent on the Rule 8.4(b) charge. We also find that Respondent violated Rule 3.4(c) as charged and admitted, and we turn now to the matter of sanction.

Respondent's failings in this case were not insignificant. She repeatedly failed to comply with court orders and mismanaged guardianship funds. But unlike cases such as *Matter of Emmons*, 68 N.E.3d 1068 (Ind. 2017), upon which the Commission heavily relies in its sanction analysis, Respondent's conduct was not criminal in nature. Also unlike *Emmons*, Respondent's misuse of guardianship funds was not intended to inure to Respondent's benefit or the ward's detriment, nor did it actually do so. To the contrary, Respondent was striving under very difficult circumstances to help her ailing father, and in the big picture her various expenditures of personal and guardianship assets resulted in a net gain for her father. None of this excuses her repeated disobedience of court orders (nor does Respondent suggest it does), but we agree with the hearing officer that it presents compelling mitigation in this case.

We find instructive *Matter of Mercho*, 78 N.E.3d 1101 (Ind. 2017), another case in which the Commission alleged but failed to prove that an attorney's misuse of funds held in a fiduciary capacity was criminal in nature. The sanction imposed in *Mercho* included 90 days of active suspension. We also credit the hearing officer's view, informed by his firsthand observation of four days of witness testimony in this matter, that

Respondent's transgressions "trace[ ] to the unique, extremely difficult circumstances" with which she was confronted and "do[ ] not otherwise raise serious concerns about Respondent's general character and fitness to practice law." (HO's Report at 17).

With these considerations in mind, we conclude that a suspension of 90 days with automatic reinstatement is appropriate discipline for Respondent's misconduct.

# Conclusion

Respondent already is under an order of suspension for dues nonpayment. For Respondent's professional misconduct, the Court suspends Respondent for a period of 90 days, effective from the date of this opinion. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

Rush, C.J., and David, Slaughter, and Goff, JJ., concur.
Massa, J., not participating.

ATTORNEYS FOR RESPONDENT
Peter J. Rusthoven
Jack L. Stark, Jr.
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana