

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 22S-DI-254

## In the Matter of
## Angela Sallee Field Trapp,
*Respondent.*



**FILED**

Dec 11 2023, 11:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

Decided: December 11, 2023

Attorney Discipline Action

Hearing Officer David J. Hensel

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

Justice Molter concurs in part and dissents in part.

**Per curiam.**

We find that Respondent, Angela Trapp, committed attorney misconduct by impermissibly communicating with a represented person about the subject of the representation and knowingly making false statements to a court about the impermissible communication. For this misconduct, we conclude that Respondent should be suspended for 30 days with automatic reinstatement.

The matter is now before us on the report of the hearing officer this Court appointed to hear evidence on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 2007 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* Ind. Const. art. 7, § 4.

# Procedural Background and Facts

Respondent represented "Husband" in consolidated marital dissolution and protective order proceedings (hereinafter the "Divorce Case") initiated in the wake of a domestic dispute. Respondent also represented Husband in a criminal proceeding (hereinafter the "Criminal Case") arising from the same domestic dispute. Wife was represented by counsel in the Divorce Case, and Respondent knew this.

In early April 2019, Wife's protective order petition was granted by agreement and Husband's protective order petition was dismissed. An agreed provisional order entered in the Divorce Case around the same time indicated that issues remaining to be resolved included attorney fees, valuation of marital assets, and division of the marital estate. The marital assets included several firearms allegedly in the home at the time the domestic incident occurred that police did not find when they searched the property.

Without notifying Wife's counsel, Respondent subpoenaed Wife in the Criminal Case and took a taped statement from her in August 2019. During that interview Respondent questioned Wife about the domestic incident and asked her several questions about the firearms and other

marital property over the objection of the deputy prosecutor, who referenced the Divorce Case and Wife's right to have her counsel present.

When later confronted about this by Wife's counsel, Respondent stated "We asked zero questions about the divorce case." And when Wife's counsel filed a motion for an order to produce the taped statement, Respondent filed an objection inaccurately stating that "Wife's Counsel had one (1) month['s] notice of the taped statement" and the taped statement was not relevant to matters at issue in the Divorce Case. The court issued the order to produce and denied Respondent's subsequent motion to reconsider, noting that in an earlier pleading Respondent had represented that trial in the Criminal Case would impact the outcome of the Divorce Case. The court added that Respondent "should be prepared to discuss Rule of Professional Conduct 4.2 and its comments at the final dissolution hearing." Respondent emailed the recorded statement to Wife's counsel the following day.

In November 2020, Wife's successor counsel moved for Respondent to be disqualified in the Divorce Case due to Respondent's questioning of Wife without her counsel present. In February 2021, successor counsel appeared for Husband in the Divorce Case, Respondent withdrew her appearance, and the motion to disqualify was denied as moot.

In July 2022, the Commission filed a disciplinary complaint alleging Respondent violated the following Indiana Rules of Professional Conduct:

> 3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal.
>
> 4.2: Improperly communicating with a person the lawyer knows to be represented by another lawyer in the matter.
>
> 8.4(d): Engaging in conduct prejudicial to the administration of justice.

An evidentiary hearing was held in March 2023. Following the submission of proposed findings by the parties, the hearing officer issued a 17-page report finding that Respondent violated all three rules as charged and recommending a short suspension with automatic reinstatement.

Respondent has petitioned for review of that report, responsive briefs have been filed, and the matter is now ripe for our consideration.

## Discussion and Discipline

Respondent concedes she violated Rule 4.2[1] but seeks review of the hearing officer's findings and conclusions that she violated Rules 3.3(a)(1) and 8.4(d). The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. Admis. Disc. R. 23(14)(g). And while the review process in disciplinary cases involves a *de novo* examination of all matters presented to the Court, a hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See Matter of Gabriel*, 120 N.E.3d 189, 190 (Ind. 2019).

The hearing officer expressly found that Respondent "was not a credible witness" at the final hearing and was "evasive and combative." (Report at 10, 17). We will not second-guess this credibility determination, and our own review of the transcript amply supports the evasiveness finding. This credibility determination in turn undercuts many of Respondent's arguments on review, which rely to a large extent on her own discredited testimony.

We agree with the hearing officer's ultimate conclusions that Respondent violated Rule 3.3(a)(1). Respondent points to her own testimony that the reference to "Wife's counsel" having been given notice of the taped statement was a scrivener's error. But Respondent's testimony was not credited and finds little circumstantial support in the record. Moreover, Respondent does not explain why she failed to correct

---

[1] Although Respondent quibbles at the margins regarding the scope of her violation, the parties appear to agree that the precise contours of Respondent's Rule 4.2 violation have little ultimate bearing on sanction. (*See* Resp. at 11; Reply at 1 n.1). Respondent concedes she crossed the Rubicon in her questioning of Wife, and that concession is sufficient for our purposes today. *See Matter of Martin*, 166 N.E.3d 345 (Ind. 2021); *Matter of Litz*, 894 N.E.2d 983 (Ind. 2008).

this false statement, which Rule 3.3(a)(1) also required her to do. *See Matter of Powell*, 76 N.E.3d 130, 134 (Ind. 2017). Respondent's challenges to the hearing officer's determination that additional statements Respondent made to the trial court were false similarly invite a reweighing of testimony, find little circumstantial support, and are undercut by Respondent's contemporaneous pattern of deception in her communications with Wife's counsel.[2]

We are similarly unpersuaded by Respondent's challenge to the hearing officer's finding of a Rule 8.4(d) violation. Respondent's acts of misconduct unduly prolonged the litigation in the Divorce Case, required the court and Wife's counsel to expend additional resources to force Respondent to turn over the taped statement, and led to disqualification proceedings that ultimately compelled Husband to retain new counsel. This easily meets the threshold for prejudice under Rule 8.4(d). *See Matter of Neary*, 84 N.E.3d 1194, 1197 (Ind. 2017).

Turning to the question of sanction, we have regularly imposed reprimands for similar violations of Rule 4.2. *See, e.g., Matter of Steele*, 181 N.E.3d 976, 980 (Ind. 2022); *Martin*, 166 N.E.3d at 347; *Litz*, 894 N.E.2d at 984; *Matter of Baker*, 758 N.E.2d 56, 58 (Ind. 2001). Were Respondent's misconduct so limited, we might be inclined to do so here as well. But we agree with the Commission that Respondent's additional acts of dishonesty toward the court in the Divorce Case elevate this to a more serious level that warrants a short suspension. *See, e.g., Matter of Lynn*, 918 N.E.2d 334, 335 (Ind. 2009); *Matter of Gaydos*, 738 N.E.2d 276, 277 (Ind. 2000); *Matter of Chovanec*, 640 N.E.2d 1052, 1054 (Ind. 1994).

---

[2] Respondent's argument that dishonesty toward opposing counsel is not encompassed within Rule 3.3, while true, misses the point. Respondent's broader pattern of deception is probative of her *mens rea* underlying the statements to the court that are subject to Rule 3.3 and undercuts her assertions of inadvertence and lack of knowledge.

# Conclusion

The Court concludes that Respondent violated Professional Conduct Rules 3.3(a)(1), 4.2, and 8.4(d). For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of 30 days, beginning January 22, 2024. Respondent shall not undertake any new legal matters between service of this opinion and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the suspension period, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged with the Court's appreciation.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.
Molter, J., concurs in part but dissents from the sanction, believing a public reprimand is warranted.

ATTORNEYS FOR RESPONDENT
Nicholas W. Levi
Michael E. Brown
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Greg N. Anderson, Acting Executive Director
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana